# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GREATGIGZ SOLUTIONS, LLC, § § § *Plaintiff*, § § v. § § EAST TEXAS BORDER HEALTH CLINIC § D/B/A GENESIS PRIMECARE, § § § *Defendant*. § | CIVIL ACTION NO. 2:21-CV-00370-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant East Texas Border Health Clinic d/b/a Genesis Primecare's ("Genesis") Motion to Dismiss and Brief in Support (the "Motion"). (Dkt. No. 8). In the Motion, Genesis requests that the Court dismiss the above-captioned case because the asserted claims of U.S. Patent Nos. 6,662,194 (the "'194 Patent"), 9,760,864 (the "'864 Patent"), 10,096,000 (the "'000 Patent"), and 7,490,086 (the "'086 Patent") (collectively, the "Asserted Patents") recite patent-ineligible subject matter under 35 U.S.C. § 101. (Dkt. No. 1 at 13, 18, 22, 26). Having considered the Motion, the subsequent briefing, and for the reasons set forth herein, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

On September 29, 2021, Plaintiff GreatGigz Solutions, LLC ("GreatGigz") filed its Complaint, asserting infringement of "at least claim 25 of the '194 Patent"; "at least claim 18 of the '086 Patent"; "at least claim 1 of the '864 Patent"; and "at least claim 1 of the '000 Patent" (collectively, the "Asserted Claims"). (*Id.*). According to the Complaint, Genesis infringes the Asserted Patents because Genesis "provides a web platform hosted on a server . . . that includes a

Patient Portal, comprising memory, processors, transmitters and/or receivers ('Accused Instrumentalities') through which Genesis provides health care services . . . through Genesis PrimeCare locations." (Dkt. No. 1 at 12). GreatGigz alleges that Genesis's actions constitute direct infringement of the Asserted Claims because Genesis makes, uses, imports, sells, and/or offers for sale the Accused Instrumentalities. (Dkt. No. 1 at 13, 18, 22, 26). On December 6, 2021, Genesis filed the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Asserted Claims should be dismissed because they are directed to abstract ideas under 35 U.S.C. § 101. (Dkt. No. 8 at 6).

## II.     LEGAL STANDARD

To evaluate a motion to dismiss, the Court may consider the complaint, the documents attached to the complaint, and documents "attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court will grant a motion to dismiss for lack of patent eligibility under 35 U.S.C. § 101 only where "there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765 (Fed. Cir. 2019).

## III.    DISCUSSION

As an initial matter, GreatGigz requests that the Motion not be resolved until after claim construction. (Dkt. No. 11 at 3; Dkt. No. 12 at 17). GreatGigz contends that "processing device/processor" and "searching event" must be construed prior to ruling on the Motion. (Dkt. No. 11 at 1–2). For instance, GreatGigz asserts that Genesis argues that the claims recite an abstract concept. (*Id.* at 2). GreatGigz continues that "[t]he occurrence of a 'searching event' triggers certain actions by the claimed 'processing device[,]'" and argues that further construction

is required to evaluate the merits of Genesis's arguments. (*Id.*). As a result, GreatGigz argues that the Motion is premature because "the Court is left with zero developed record from which it could possibly assess what was, and what was not well-understood, routine, and conventional in the art as of July 1999, not to mention a lack of familiarity with the disclosures." (Dkt. No. 12 at 17).

In response, Genesis argues that "there is no need for the Court to perform claim construction for any of the terms of the [Asserted] Patents, as their abstract and non-inventive nature is self[-]evident." (Dkt. No. 8 at 15 n.2). Genesis states that it accepts GreatGigz's "proposed constructions and does not object to the Court adopting them" for the purposes of resolving the Motion. (Dkt. No. 11 at 3). Genesis then proceeds to analyze and construe disputed terms such as "searching event," "processor/processing device," and "job searching." (*See id.* at 3–5).

The Court finds that claim construction could be beneficial to the Court and could also address the eligibility issues of the Asserted Patents. *See ChargePoint*, 920 F.3d at 765 (quoting *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018) ("Dismissal at this early stage . . . is appropriate 'only when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law.'"). The Court has previously noted that determining eligibility under section 101 "at the pleading stage is permissible"; however, "those issues are often inextricably tied to claim construction." *Phoenix Licensing, L.L.C. v. CenturyLink, Inc.*, No. 2:14-cv-965-JRG-RSP, 2015 WL 5786582, at *2 (E.D. Tex. Sept. 30, 2015). Here, the briefing demonstrates that much of the record is left undeveloped, and it is clear that numerous disagreements between the parties concerning the *Alice* analysis impinge on the construction of the disputed terms. For example, further inquiry into issues such as the knowledge of one of ordinary skill in the art as to the disputed terms may be resolved at

claim construction.  *See, e.g.*, *Phillips v. AWH Corporation*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc) (stating that "the ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art").  As such, the Court is not inclined to hypothetically adopt either party's purported claim constructions to push the case to an earlier resolution while such disputes remain outstanding.  Accordingly, Genesis's Motion should be and hereby is **DENIED**.

    **So ORDERED and SIGNED this 28th day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE